**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-41346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRAVIS SPENCER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CR-223-ALL

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Travis Spencer appeals the denial of motions to amend his original sentence and to correct a clerical error in an amended judgment. A collateral attack on or direct appeal from the 1995 sentence would be untimely, and Spencer disavows such a challenge. *See* 28 U.S.C. § 2255(f); FED. R. APP. P. 4(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spencer contends that 18 U.S.C. § 3582(c)(1)(B) provides an avenue for applying 18 U.S.C. § 3553(b)(1) to modify the sentence. This contention lacks merit because § 3582(c)(1)(B) allows a district court to modify an existing term of imprisonment to the extent "expressly permitted by statute," and § 3553(b)(1) does not expressly permit the modification of a sentence that has already been imposed. *See* §§ 3553(b)(1), § 3582(c)(1)(B). Section 3582(c)(1)(B) therefore does not provide a means for applying § 3553(b)(1). *See United States v. Garcia-Quintanilla*, 574 F.3d 295, 303 (5th Cir. 2009) (refusing to use § 3582(c) as a means to apply a statute that does not expressly permit modification of a sentence that has already been imposed). Moreover, § 3553(b)(1), which required treating the Sentencing Guidelines as mandatory, is unconstitutional. *United States v. Booker*, 543 U.S. 220, 245 (2005).

Any clerical error was corrected by the Second Amended Judgment reflecting that the district court recommended but did not order that the Bureau of Prisons run Spencer's federal sentence consecutively to an undischarged state sentence. The judgment of the district court is AFFIRMED.